*DICKS & AL.* vs. *M'CONNER.*

EasternDis't
April, 1827.

APPEAL from the court of the third district.

Suit may be brought without the privity and in the name of the party who transferred it, for the use of the transferee.

MARTIN, J. delivered the opinion of the court. The plaintiffs, who sue to the use of Pope, demand, as endorsee of Colt, the amount of the defendant's promissory note.

The defendant denied the plaintiffs' right of action on said note, as they had not any interest in it; having given it to Pope, in payment of a house, and alleges she entrusted Colt with her signatures on three distinct pieces of paper, for the purpose of procuring money thereby, for her use—that he made the note sued upon with defendant's signature, on one of these pieces of paper' and employed it to pay a debt of his, in place of the defendant's—a circumstance well known to Pope before he had traded for said note. The general issue was pleaded, and the answer concludes, the suit is brought without the knowledge, privity or consent, of Dicks & al.

N. Dick deposed, he gave the note sued on, to Pope, in payment of a negro woman that the present suit was brought without his

knowledge or consent, but has his full appro-
bation.

There was judgment against the defen-
dant, and she appealed.

The appellant's counsel has contended,
that no suit can be maintained in this state
to the use of another, because there exists
no necessity or use for this mode of proceed-
ing. We think, in the present case, there
was a necessity and use for bringing this ac-
tion.

The nominal plaintiffs having obtained
this note before its maturity, and passed it
by delivery to Pope; had the latter brought
suit as the immediate endorsee of Colt, he
could not have refused any equitable de-
fence which could have been objected to
Colt. Had he taken the endorsement of
the nominal plaintiffs, the difficulty would
have been the same. The nominal plain-
tiffs having, at the time of the transfer, a fair,
and absolute right to demand payment from
the defendant. This right was the fair ob-
ject of the contract between them and the
real plaintiff; and this right could only be
properly transferred, and enforced, by the
delivery of the note unendorsed by the nom-

inal plaintiffs, with leave to exert it, in their name, in its plenitude at the time of the transfer. In doing so, the nominal plaintiff did no injury to the defendant; for she (the defendant) was not, by the transfer, put in a worse condition than she had placed herself and remained in. If the nominal plaintiffs had an absolute right to compel payment, it is immaterial whether it is exerted in their own right and for their own use, or in their own right for the use of their transferree.

On the merits, we think the case is with the plaintiff, although it be granted that Colt abused the defendant's confidence, and defrauded her. She trusted in him, and must bear the consequences of her indiscretion; and cannot throw them on those whom she enabled Colt to deceive. She admits her signature was put on a blank piece of paper, with the intention that Colt, to whom she delivered it, should write on it a promissory note, on which he might raise money, for her own use. He wrote the note, and raised the money; but applied it to his own use. Now, the rule is, he who trusts, must lose.

The nominal plaintiffs, who bought the

note fairly, at a time not suspicious, ought not to lose. Their right, in its plenitude, was purchased by the real plaintiff. He used it, as it stood before the sale. The names of two plaintiffs are on the record.— If the defendant has a compensation to oppose to either, she may do so with success; provided, that opposed to the nominal plaintiffs be anterior to her knowledge of the transfer. If the nominal plaintiffs, at the time they received the note from Colt, were bound to allow any equitable defence, they are still plaintiffs, and it will avail against them and the real plaintiff. If, while the note was in their hands, the defendant acquired any right which she might oppose to them, that right is unaffected by their transfer of the note.

If the real plaintiff has, by any act of his own, since the transfer, afforded any right to the defendant, by receiving payment, wholly or partially, or was before, or became since indebted to the defendant, the plea of payment, or compensation, must avail.

The right to be examined in this cause, is that of the nominal plaintiffs, such as it was

at the moment they passed the note to the real.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Watts & Lobdell* for the defendant, *Woodroof* for the plaintiffs.